LASIER *v.* APPLETON LAND & IRON CO.

1. MINING LEASE—ROYALTY—FRAUD.
Where the president of a mining company, which had a lease of complainants' lands authorizing it to mine iron on a royalty of six cents a ton, induced complainants to sign writings reducing the royalty to four cents a ton, upon representations that it was necessary to the consummation of any arrangement whereby the mines could be worked, and with the understanding that a lease would be made with another company at a royalty of four cents, and afterwards a lease was made with a company to mine the lands upon a royalty of six cents a ton, the arrangement to reduce the royalty will be set aside as fraudulent, and a decree entered that the lessee pay complainants six cents a ton.

2. CORPORATIONS—LIABILITY FOR ACTS OF OFFICERS.
A corporation must respond for the fraudulent representations of its president when making contracts in its behalf.

Appeal from Dickinson; Stone, J. Submitted April 22, 1902. (Docket No. 100.) Decided May 19, 1902.

Bill by Martha G. Lasier and others against the Appleton Land & Iron Company and the American Mining Company to set aside a royalty agreement on the ground of fraud, and for an accounting. From a decree dismissing the bill, complainants appeal. Reversed.

*Walker & Spalding,* for complainants.

*John O'Hara (Ball & Ball,* of counsel), for defendant Appleton Land & Iron Co.

HOOKER, C. J. The complainants were owners in fee as tenants in common with the Appleton Land & Iron Company, one of the defendants, of the lands described in their bill, and executed to said company a mining lease of their interest, whereby the company was authorized to mine iron upon the premises on a royalty of six cents a

ton.   The company made a large investment, but the enterprise was not successful, and it began negotiations with the Illinois Steel Company with a view to selling its plant and turning over to it the right to conduct mining operations upon the lands.   At this time Mr. Hyde, the president of the Appleton Company, sought and obtained from these complainants a reduction of the royalty to four cents. This was evidenced by writings signed by the respective complainants and forwarded to him.   He was unable to conclude a deal with the Illinois Steel Company, but subsequently made an arrangement with the American Mining Company, whereby the Appleton Company sold its plant to said company, which succeeded to the lessee's interest in a portion of the leased property through assignments.   This company was to pay a royalty at the rate of six cents a ton.   It began operations, and made its first payment of royalty by sending checks to the complainants at the rate of six cents.   Afterwards it wrote them that it had been laboring under a misapprehension in regard to the royalty, and asked the return of the extra two cents a ton over and above the four cents which they had agreed with Hyde to accept.   Soon after, this bill was filed for an account between the several parties, and to set aside the several writings by which the complainants agreed to accept four cents a ton, and to require payment to them at the rate of two cents a ton for all iron theretofore mined, and for a decree that the American Mining Company should thereafter make payments of royalty at the rate of six cents a ton to them.   The bill alleged that the Appleton Land & Iron Company, through its agent, Hyde, had fraudulently induced the complainants to make such agreements reducing the rate of royalty by the representation that he could not dispose of the lease at a royalty of six cents.   The proofs show that after the execution of the first writings, whereby the royalty was to be reduced, Mr. Hyde called upon the complainants, and requested them to make a second writing, upon the representation that the first writing had not been acknowledged, which

was necessary. These writings were conditioned upon a prospective arrangement with the Illinois Steel Company, the Cundy Mining Company, or the American Steel & Wire Company, or their successors or assigns. Upon the hearing the bill was dismissed.

We find the case to be one largely of fact, and from the evidence we are satisfied that the complainants were induced to sign these writings upon the representation that it was necessary to the consummation of any arrangement whereby the mines could be worked, and with the understanding and expectation that the royalties to be paid thereafter by the prospective successor of the Appleton Company would be four cents, and not six cents. It appears that Hyde succeeded in obtaining a royalty of six cents, and that his company received a profit of two cents a ton. We find nothing in the case to indicate that he ever offered an assignment of his lease at less than six cents, but, whether he did or not, we think his contract was fraudulent as to these complainants, and that they should be entitled to receive from the Appleton Company their proportionate share of the amount heretofore received by it, and that hereafter the American Mining Company should be required to pay their proportionate share of the royalties paid by it to the complainants.

We consider it unnecessary to discuss at length the legal questions raised by the defendants' counsel. We think the Appleton Company is bound to respond for the fraud of its president, Mr. Hyde, who acted as its agent in the transaction; that it cannot escape its responsibility upon the ground that the contract between itself and the American Mining Company cannot be rescinded; and we see no difficulty in requiring the American Mining Company to pay the royalty which it has agreed to pay to the persons who are justly entitled to it.

The decree of the circuit court is reversed, and a decree will be entered here in conformity to the prayer of the complainants' bill, and the cause remanded for such further proceedings as shall be necessary to determine the

state of the account between the parties, and for the enforcement of the decree. The complainants will recover costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.